UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ANNA MCCLAIN, an individual,

Plaintiff,

vs.

WELLS FARGO BANK, N.A. (successor by merger to Wachovia, who was successor by merger to World Savings Bank); SHARON ZUNIGA; EXECUTIVE TRUSTEE SERVICES, INC.; DOES 1 to 50,

Defendants.

Case No: C 11-5020 SBA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Docket 4

Defendants Wells Fargo Bank N.A. ("Wells Fargo") and Sharon Zuniga (collectively "Defendants") removed the instant action from state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. The parties are presently before the Court on Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 4. Having read and considered the papers submitted, and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' motion. The Court finds the instant matter suitable for resolution without oral argument. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

Plaintiff Anna McClain is the owner of real property located at 1968 Marques Ave., San Jose, California ("the Property"). Compl. ¶ 1, Dkt. 1-1. On July 17, 1998, Plaintiff executed a Deed of Trust and Promissory Note on the Property in favor of First Mortgage Network dba Princeton Capital. Id. ¶ 11. In June 2004, Plaintiff refinanced the Property through World Savings, which was purchased by Wachovia in 2006. Id. ¶¶ 13-14.

Wachovia merged into Wells Fargo in 2009. Id. ¶ 15. Plaintiff alleges that she was fraudulently "duped" into a negative amortization loan by World Savings. Id. ¶ 19.

On a date not specified in the pleadings, Plaintiff became aware that Wells Fargo had initiated foreclosure proceedings on the Property and that a foreclosure sale was scheduled for July 20, 2011. Id. ¶ 32. Plaintiff denies having received a Notice of Default or Notice of Sale. Id. at 2:14-16. Nonetheless, desiring to stay in the Property, Plaintiff made several requests for a loan modification which ultimately were rejected. Id. ¶¶ 22-26. Plaintiff also made a number of attempts to obtain information regarding her loan by sending Qualified Written Request ("QWR") letters under the Real Estate Settlement Procedures Act ("RESPA") to Wachovia. Id. ¶¶ 29-31. Though not entirely clear, it appears that Plaintiff received no response to her letters.

### B. PROCEDURAL HISTORY

On September 7, 2011, Plaintiff filed a Complaint in Santa Clara County Superior Court. The Complaint alleges a cause of action entitled "Failure to Use Good Faith and Fair Dealing with the Intent to Defraud." Id. at 7. Within that single cause of action, Plaintiff alleges that Defendants violated RESPA by failing to provide the information requested in her QWR letters. She also takes issue with the propriety of World Savings' negative amortization loan, as well as Defendants' refusal to provide a loan modification and their refusal to accept her mortgage payments. As relief, Plaintiff seeks a declaration that her mortgage and the foreclosure are "illegal and void," and that Defendants' practices be declared "unfair and deceptive" under California law, and in violation of the Fair Debt Collection Practices Act ("FDCPA") and RESPA. Id. at 15-16.

On October 11, 2011, Defendants removed the action on the basis of diversity jurisdiction. On October 18, 2011, Defendants filed the instant motion to dismiss. Dkt. 4. They contend that the Complaint should be dismissed on the following grounds: (1) Plaintiff failed to join an indispensible party, i.e., Plaintiff's husband, Samuel McClain; (2) the action is "uncertain" under Federal Rule of Civil Procedure 8(a) and (d)(1); and (3) Plaintiffs' claims are untenable under Rule 12(b)(6). On February 17, 2012, Plaintiff

filed a pro se response to the motion. In her response, Plaintiff states, inter alia, that she is seeking an attorney to represent her in this action. The matter has been fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may thus be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). In addition, a pleading filed by a pro se plaintiff must be liberally construed. Balistreri, 901 F.2d at 699.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009). To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Id. at 555. Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III. DISCUSSION

### A. FAILURE TO JOIN PLAINTIFF'S HUSBAND AS A PARTY

Defendants contend that the action should be dismissed for failure to join Plaintiff's husband as an "indispensible" party under Federal Rule of Civil Procedure 19.[1] A Rule 19 motion poses "three successive inquiries." Peabody, 610 F.3d at 1078. First, the court must determine whether a nonparty should be joined under Rule 19(a). Id. If an absentee is a necessary party under Rule 19(a), "the second stage is for the court to determine whether it is feasible to order that the absentee be joined." Id. If joinder is not feasible, the court must determine whether the case can proceed without the absentee or whether the case should be dismissed because the presence of the absentee is required. Id.

Defendants assert—without citation to any authority—that Plaintiff's husband is an indispensible party-plaintiff, ostensibly because he is a co-borrower. Defs.' Mot. at 5. As support, Defendants request the Court to take judicial notice of the Deed of Trust which purportedly lists him as a co-borrower on the Property. Defs.' Request for Judicial Notice Ex. A, Dkt. 4-1. However, the fact that his name appears on the Deed of Trust does not necessarily establish that he, in fact, is a co-borrower. See Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). But even if it did, Defendants have neither cited any legal authority nor provided the requisite legal analysis under Peabody. It is not the role of the Court to make the parties' arguments for them. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). Accordingly, based on the undeveloped argument presented by Defendants, the Court rejects their contention that the Complaint must be dismissed based on Plaintiff's husband's absence from this case.

[1] The terms "necessary" and "indispensible" no longer are used in Rule 19 as of December 1, 2007. EEOC v. Peabody W. Coal Co., 610 F.3d 1070, 1077 n.1 (9th Cir. 2010) ("Peabody").

**B. UNCERTAINTY**

Next, Defendants contend that the action should be dismissed because "the entire action is uncertain" under Rule 8. Defs.' Mot. at 5. Under the California Code of Civil Procedure, a defendant may demurrer to a complaint, inter alia, on the ground that "[t]he pleading is uncertain." Cal. Code. Civ. Proc. § 430.10(f). Since Defendants removed the action to federal court, however, they should be aware that the Federal Rules of Civil Procedure are controlling. Challenges to the sufficiency of the pleadings are analyzed under Rule 12(b)(6). As such, the Court rejects the alleged lack of certainty as a basis for dismissing the Complaint.

**C. SUFFICIENCY OF CLAIMS**

Plaintiff's Complaint does not allege discrete causes of action. Instead, Plaintiff alleges various acts and omissions by Defendants, and at points throughout the Complaint, asserts that such conduct violates various federal statutes and state laws. As Plaintiff is pro se, the Court liberally construes her allegations as an apparent attempt to state the legal claims that are discussed below.

**1. RESPA**

RESPA imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally related mortgage loan. 12 U.S.C. § 2605(b). A borrower may obtain such information by submitting a qualified written request or "QWR," which is statutorily defined as follows:

> (B) Qualified written request
>
> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B); see also 24 C.F.R. § 3500.21(e)(2). "A QWR must seek information relating to the servicing of the loan; a request for loan origination documents is not a QWR." Jones v. PNC Bank, N.A., No. C 10-1077 LHK, 2010 WL 3325615, at *2 (N.D. Cal. Aug. 20, 2010) (Koh, J.).

Under section 2605(e), a loan servicer "who receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan" is required to provide the borrower with a written acknowledgment of receipt within twenty days. Id. § 2605(e)(1)(A). Within sixty days of receipt of a QWR, excluding weekends and holidays, the servicer must conduct an investigation; if the servicer determines that the account is in error, the servicer must make appropriate corrections to the borrower's account and notify the borrower of the correction in writing. Id. § 2605(e)(2)(A).[2]

If the servicer determines that the account is not in error, the servicer must provide the borrower with a written explanation or clarification stating the reasons why the servicer believes the borrower's account is correct. Id. § 2605(e)(2)(B). If the request pertains to a request for information, the servicer must either provide the information to the borrower or explain why such information is unavailable. Id. § 2605(e)(2)(C). Whoever violates the foregoing provisions is liable for "any actual damages to the borrower as a result of the failure[.]" Id. § 2605(f)(1). Where the servicer's violation is the result of a "pattern or practice of noncompliance," the individual may also recover "additional damages . . . in an amount not to exceed $1,000." Id.

Plaintiff alleges that she sent several QWR letters, including one "as recent as July 15, 2011." Compl. ¶ 29.[3] The Court takes judicial notice of the copy of the purported QWR Plaintiff allegedly sent to Wachovia (now Wells Fargo) on or about July 15, 2011,

---

[2] The Dodd-Frank Act amended RESPA to shorten the time period under § 2605(e)(1)(A) from twenty days to five days, and to shorten the time period under § 2505(e)(2) from sixty days to thirty days. See Pub.L. 111-203, Title XIV, §§ 1400(c), 1463(c), July 21, 2010.

[3] In her opposition, Plaintiffs alleges that she sent three QWRs. Pl.'s Opp'n at 2.

which is attached as an exhibit to the Complaint. See Swartz, 476 F.3d at 763. Defendants claim that Plaintiff's letter "did not relate to the servicing of the mortgage loan" and therefore does not constitute a QWR. Defs.' Mot. at 11. While Defendants are correct that much of the letter is devoted to matters beyond loan servicing, Plaintiff does, in fact, complain and seek information regarding Wachovia's servicing of her mortgage. Among other complaints, she alleges that her payments have not been properly credited to her account, and requests an explanation of why the amount of her arrearage had increased by $10,000 in a matter of a few months. QWR Letter, Dkt. 1-2 at 2-3. Thus, contrary to Defendants' argument, the QWR clearly sought at least some information relating to loan servicing along with an explanation of why Plaintiff believed her account was in error.

The above notwithstanding, the Court finds that Plaintiff's RESPA claim is insufficiently pled due to her failure to allege actual harm resulting from Defendants' alleged conduct. See Morris v. Bank of Am., No. C 09-2849 SBA, 2011 WL 250325, at *5 (N.D. Cal. Jan. 26, 2011) (dismissing RESPA claim where plaintiffs failed to allege that they had suffered actual damages resulting from defendants' failure to respond to their QWRs) (Armstrong, J.). Therefore, the Court dismisses Plaintiff's claim under RESPA with leave to amend. In her amended complaint, Plaintiff must allege facts—and not simply conclusions—specifying how she was harmed or damaged as a result of Defendants' alleged failure to respond to her QWRs and/or otherwise comply with the requirements of RESPA.

**2. FDCPA**

The body of the Complaint does not separately allege a claim under the FDCPA, though Plaintiff expressly avers "the actions of the defendants to be in violation of the Federal [sic] Debt Collection Practices Act[.]" Compl. at 16. The FDCPA prohibits "debt collectors" from engaging in various unlawful debt collection practices, including the making of "false, deceptive or misleading representations." 15 U.S.C. §§ 1692a & 1692e. A "debt collector" includes any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id.

§ 1692a(6). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Id. § 1692a(5).

Though the Ninth Circuit has not yet decided whether the FDCPA applies to a non-judicial foreclosure, this Court and other district courts have previously concluded that it does not constitute "debt collection" under the FDCPA. See, e.g., Aniel v. Litton Loan Serv., LP, No. C 10-0951 SBA, 2011 WL 635258, at *3-4 (N.D. Cal. Feb. 11, 2011) (finding that the FDCPA does not apply to non-judicial foreclosures); Hanaway v. JPMorgan Chase Bank, No. SACV 10-1809 DOC(PLAx), 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co., No. C 10-03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("allegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA") (White, J.); Deissner v. Mortgage Elec. Regis. Sys., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."), aff'd, 2010 WL 2464899 (9th Cir. Jun. 17, 2010) (internal quotations omitted); Landayan v. Wash. Mutual Bank, No. C 09-0916 RMW, 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA") (citing Maguire v. Citicorp. Retail Svcs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)) (Whyte, J.). Because Plaintiff has not stated—and based on the allegations in the Complaint, cannot state—a viable claim under the FDCPA based on the foreclosure of her home, Plaintiff's claim under the FDCPA is dismissed without leave to amend.

**3. Unfair Competition Law**

Finally, Plaintiff complains about various alleged practices by Defendants, including, without limitation: The unlawfulness of her negative amortization loan; denying her requests for a loan modification; failing to credit her mortgage payments while increasing the amount of her arrearage; failing to comply with RESPA; and scheduling a foreclosure sale of the Property without providing her with a Notice of Default or a Notice of Sale. In addition, she requests that "the actions of all the defendants be determined to be unfair and deceptive business practices in [v]iolation of California law . . . ." Compl. ¶ 15. The aforementioned allegations are not set forth in a specific cause of action, but instead are scattered throughout the Complaint. Nonetheless, the Court liberally construes these allegations as an attempt to state a claim under California's Unfair Competition Law ("UCL"), which makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

"Each prong of the UCL is a separate and distinct theory of liability." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009). With respect to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir.2000). A business practice that is not unlawful may nonetheless be actionable as an "unfair" business practice. Alvarez v. Chevron Corp., 656 F.3d 925, 933 n.8 (9th Cir. 2011). An unfair business practice under the UCL is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008). A claim under the fraudulent prong of the UCL is based on the reasonable consumer standard, which requires the plaintiff to "show that members of the public are likely to be deceived." Williams v. Gerber Prods. Co., 552 F.3d 934 (9th Cir. 2008) (internal quotation marks omitted). For all UCL claims, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal.App.4th 612, 619 (1993). In addition, a UCL claim

based on fraud is subject to Rule 9(b)'s specificity requirement. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125–26 (9th Cir. 2009).[4]

In their motion to dismiss, Defendants argue that they had no legal obligation to provide Plaintiff with a loan modification and that they had the right to reject her mortgage payments on the ground that she was already in default.[5] Whatever the merit of these contentions, the Court declines to consider them at this juncture. Plaintiff's allegations that Defendants' practices are "unfair and deceptive" in violation of California law clearly is in reference to the UCL. Compl. at 15. As such, to the extent that Defendants seek to challenge the sufficiency of the pleadings, they should have done so by addressing the pleading requirements specific to the UCL. Since Defendants failed to properly brief this issue, the Court declines to sua sponte consider whether Plaintiff has stated a plausible claim under the UCL. See Indep. Towers of Wash., 350 F.3d at 929.

### D. LEAVE TO AMEND

"Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (internal quotation

---

[4] Under Federal Rule of Civil Procedure 9, a plaintiff must plead fraud with particularity. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).

[5] Defendants' assertions that it had the right to foreclose and that Plaintiff was in default are based on documents contained in Defendants' Request for Judicial Notice. See Defs.' Mot. at 13. But whether Plaintiff was, in fact, in default cannot be resolved at this stage of the proceedings. While a court may also take judicial notice of the existence of matters of public record, it does not automatically accept the truth of the facts cited therein. Defendants' arguments are better suited for resolution on summary judgment under Rule 56, as opposed to a Rule 12(b)(6) motion.

marks omitted). With regard to Plaintiff's claim under RESPA, the Court grants Plaintiff leave (i.e., permission) to file an amended complaint to allege facts demonstrating that she suffered actual damages resulting from Defendants' alleged violation of the statute. As to Plaintiff's putative claim under the FDCPA, however, such a claim is not legally viable under the circumstances alleged. Therefore, to the extent that Plaintiff is attempting to allege a claim under the FDCPA challenging the foreclosure, such claim is dismissed without leave amend.

As noted, the Court is not addressing the sufficiency of Plaintiff's remaining allegations, which the Court has liberally construed as a claim under California's UCL. Nonetheless, since the Court is affording Plaintiff the opportunity to file an amended complaint to address the deficiencies in her RESPA claim, the Court also grants Plaintiff leave to amend to clarify her putative UCL claim. First, Plaintiff should specify the basis for her claim, i.e., whether it is based on an unlawful, unfair, or fraudulent practice. Second, Plaintiff should allege, with reasonable particularity, the facts supporting the statutory elements of the violation. In the event Plaintiff is relying on the fraudulent prong of the UCL, she should comport with the pleading requirements of Rule 9(b), as set forth above. If Plaintiff is relying on the unlawful prong, she should identify the specific law(s) that she is alleging that the Defendants violated. Finally, the amended allegations should specify the particular role each Defendant played in the alleged violations.

In any amended complaint, Plaintiff should confine her allegations to the operative facts supporting each of her claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is strongly encouraged to limit her allegations only to the facts that are relevant and material to her claims. The amended complaint should clearly delineate each legal claim, state facts indicating the nature and grounds for each claim, and identify the parties she maintains are liable for that claim. It is not necessary for Plaintiff to cite case law or include legal argument. Plaintiff should be aware than an amended complaint supersedes the original complaint and the original

complaint is thereafter treated as nonexistent. Armstrong v. Davis, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by Johnson v. Cal., 543 U.S. 499 (2005). The amended complaint must therefore be complete in itself without reference to the prior or superceded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted is GRANTED IN PART and DENIED IN PART.

2. Plaintiff is granted leave to file an amended complaint which addresses the deficiencies discussed above. The First Amended Complaint shall be filed within thirty (30) days of the date this Order is filed.

3. The motion hearing and Case Management Conference scheduled for March 13, 2012 are VACATED.

4. The parties shall appear for a *telephonic* Case Management Conference on **April 26, 2012 at 3:15 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. Defendants shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date. Defendants' counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559. NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

IT IS SO ORDERED.

Dated: March 9, 2012

Saundra B Armstrong

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MCCLAIN et al,

Plaintiff,

v.

WELLS FARGO BANK, N.A. et al,

Defendant.
_______________________________________/

Case Number: CV11-05020 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anna McClain
1968 Marques Avenue
San Jose, CA 95125

Dated: March 13, 2012

Richard W. Wieking, Clerk

By: Lisa Clark, Deputy Clerk